IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HENRY MC KEE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) No. 07 C 4663 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

### MEMORANDUM OPINION AND ORDER

After a trial before a jury and this court, petitioner Henry McKee was found guilty of conspiring to distribute and possess with intent to distribute the drug known as Ecstasy, 21 U.S.C. §§ 846, 841(a)(1). The court sentenced petitioner to 112 months in prison, and petitioner appealed. The United States Court of Appeals for the Seventh Circuit affirmed his conviction, *see* United States v. McKee, 389 F.3d 697 (7th Cir. 2004), but after the Supreme Court decided United States v. Booker, 543 U.S. 220 (2005), the Court of Appeals issued a limited remand in order to determine if this court would have imposed the same sentence had we known that the U.S. Sentencing Guidelines were merely advisory. After the court indicated that it would have imposed the same sentence, petitioner again appealed and the Court of Appeals affirmed petitioner's sentence. *See* United States v. McKee, No. 02-2626, 2006 WL 1507343 (7th Cir. Jun. 2, 2006). Petitioner now moves this court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. For the following reasons, the petition is denied.

Petitioner filed his *pro se* motion with this court on August 6, 2007, and he supplemented his motion with a memorandum of law on September 11, 2007. The government thereafter responded to the motion and memorandum, and petitioner replied to the

government's response. We reviewed all of the filings, and, as we do with any *pro se* filings, we construed petitioner's § 2255 motion liberally. *See* Marshall v. Knight, 445 F.3d 965, 969 (7th Cir. 2006).

Relief under § 2255 is an extraordinary remedy. Almonacid v. United States, 476 F.3d 518, 521 (7th Cir. 2007). Under § 2255, relief "is limited to an error of law that is jurisdictional, constitutional or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Bischel v. United States, 32 F.3d 259, 263 (7th Cir. 1994) (quotations omitted). If the motion and the record of the prior proceedings demonstrate that the petitioner is not entitled to any relief, we must dismiss the motion. *See* Rule 4 of the *Rules Governing Section 2255 Proceedings for the United States District Courts*; Almonacid, 476 F.3d at 521.

Petitioner raises four claims that he characterizes as claims for ineffective assistance of counsel. To establish ineffective assistance, he must show that (1) his attorney's performance "fell below an objective standard of reasonableness," and (2) "but for counsel's unprofessional errors the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688 (1984). If petitioner fails to make a proper showing under one of the Strickland prongs, we need not consider the other. Id. at 697 ("In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant...."). In our analysis, we presume counsel was effective, and petitioner "bears a heavy burden" in prevailing on such a claim. Shell v. United States, 448 F.3d 951, 955 (7th Cir. 2006).

At the outset we note that petitioner provides no affidavit supporting his version of his attorney's conduct, so there is no need to conduct an evidentiary hearing. *See* Prewitt v.

United States, 83 F.3d 812, 819 (7th Cir. 1996) ("It is the rule of this Court that in order for a hearing to be granted, the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner had actual proof of the allegations going beyond mere unsupported assertions.") (internal quotations omitted). *See also*, Galbraith v. United States, 313 F.3d 1001, 1009 (7th Cir. 2002) (affirming the dismissal of an ineffective assistance claim where the defendant "present[ed] no affidavit from himself or his trial counsel supporting his version of his attorney's conduct, nor any other available, probative evidence that would effectively support [his] claim").

Petitioner first claims that trial counsel was ineffective because counsel did not inform him that the government issued a superceding indictment that changed the crimes charged from conspiracy to import Ecstasy, *see* 21 U.S.C. §§ 952(a), 963, to conspiracy to distribute and to possess with intent to distribute Ecstasy, *see* id. §§ 841(a)(1), 846. We do not see how this change affected petitioner's situation. The case was triable under either indictment. Moreover, throughout the proceedings, petitioner steadfastly denied knowledge of any drug conspiracy–whether it be one to import Ecstasy or to distribute it. His present contention, that if he had understood the nature of the indictment he might have or would have pleaded guilty, is, indeed, bizarre. It is, in effect, a contention that if he had so understood, he would not have lied under oath in denying his involvement. We also have great difficulty with his claim of ignorance (although the difficulty does not bear directly on the dismissal) because defendant was at all times intimately involved in his defense. Indeed, he had a succession of attorneys. To the extent that petitioner argues that had he known of the superceding indictment he would have pleaded guilty and received a reduced sentence, his argument is without merit for another reason as well. He has presented no evidence that the government ever offered him a plea

agreement awarding such concessions and even a timely "blind" guilty plea does not entitle a defendant to a reduction in his sentence for acceptance of responsibility. *See* United States v. Travis, 294 F.3d 837, 840 (7th Cir. 2002). *See also* Prewitt, 83 F.3d at 819 (holding that the mere possibility of prejudice is insufficient to demonstrate actual prejudice).

Next, petitioner argues that counsel was ineffective because he failed to call petitioner's wife to testify during the sentencing hearing, despite petitioner's request that he do so. It was a wise tactical decision. Petitioner contends that his wife would have testified that the gun found in the glove compartment of the car he drove to the sting operation was hers and that petitioner did not know it was present at the time of his arrest. We can say unequivocally that we would not have found this testimony credible. Moreover, even if such testimony were to be believed, it would not overcome the presumption that "guns found in close proximity to drug activity are presumptively connected to that activity." United States v. Bothun, 424 F.3d 582, 586 (7th Cir. 2005). In order to overcome that presumption, petitioner would need to produce compelling evidence that it was clearly improbable that the firearm was not used in the criminal activity. *Id.* Thus petitioner cannot show prejudice and his claim of ineffective assistance of counsel must fail.

Petitioner characterizes the remainder of his claims as ineffective assistance of counsel claims, but he never explains what alternative actions counsel should have taken on his behalf. Thus, to the extent that petitioner argues counsel was ineffective, he has not shown that counsel's performance was deficient and his claims fail. To the extent that petitioner attacks his conviction and sentence, his claims fail for the reasons set forth below.

First, petitioner claims that his conviction cannot stand because the government used sham pills during the sting operation, and had a cooperating defendant make up a story to get

him to come to the hotel where the sting took place. By claiming that the government presented to the jury evidence it knew to be false, petitioner appears to be arguing that the prosecutors engaged in misconduct. He did not raise this issue on direct appeal, and he has suggested no reason why he could not have raised it at that time. Thus he has procedurally defaulted on this claim. Prewitt v. United States, 83 F.3d 812, 816 (7th Cir. 1996) ("An issue not raised on direct appeal is barred from collateral review absent a showing of both good cause for the failure to raise the claims on direct appeal and actual prejudice from the failure to raise those claims, or if the refusal to consider the issue would lead to a fundamental miscarriage of justice.") (citations and emphasis omitted).

Finally, petitioner claims that during the limited remand this court erred by finding that he possessed a firearm and obstructed justice; he contends that any fact that increased his sentence had to be found beyond a reasonable doubt by a jury. Because these findings only came into play in our fashioning of a reasonable sentence and did not increase petitioner's sentence beyond the statutory maximum for the statute of conviction, it was not necessary for a jury to find them. See United States v. White, 472 F.3d 458, 464 (7th Cir. 2006).

For the foregoing reasons, petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

Dec. 14, 2007.